## JENNINGS v. PARR.

1. PAYMENTS—PRESUMPTIONS—CESTUI QUE TRUST.—Receipts from *cestui que trust* for interest to which he had an equitable right held to be payments on bond in hands of commissioner in equity which prevented the presumption of payment attaching to the bond.

2. LIMITATION OF ACTIONS—EXECUTION—SATISFACTION—NULLA BONA. An indorsement of satisfaction on an execution is equivalent to a *nulla bona* return in starting the statute of limitations in favor of an heir at law in possession of descended lands as against the ancestor's creditor, but if such indorsement be a mistake, it does not so operate.

3. IBID.—LACHES.—Sale in 1877 under void judgment set aside and heir in 1890 put in possession of ancestor's lands so sold, suit on the original contract commenced in 1894; *held* that creditor is not guilty of laches, and that heir has not held land long enough to bar recovery.

4. IBID.—ADMINISTRATOR.—A return purporting to be final starts the statute in favor of the administrator as against the heir at maturity, whether a discharge has been granted or not.

5. ADMINISTRATOR—RENTS.—A SURETY on an administration bond is not liable for rents collected by the administrator for land of his intestate.

6. GUARDIAN—RENTS.—A SURETY on a guardian bond is liable for the rents of his lands which the guardian should have collected, even

though the guardian had possession of the ward's lands, claiming them as his own.

Before GAGE, J., Fairfield, August, 1901. Modified.

Action by Robert H. Jennings, as clerk, against Henry L. Parr, Robert H. Jennings, as clerk, as administrator of estate of W. B. Elkin, and as administrator of estate of Mary Ann Elkin and Carrie G. Elkin. So much of the Circuit decree as is not quoted connectedly in the opinion is as follows:

"This is an action to subject real estate descended from Henry W. Parr to his son and sole heir at law, Henry L. Parr, to the payment of a debt of Henry W. Parr. There are two parcels of land so descended and followed, to wit: 581 acres called the Montgomery tract, and 151 acres called the Mill tract. The debt of Henry W. Parr is evidenced by his bond, payable to W. R. Robertson, commissioner in equity, first of November, 1858, for $2,030.93, with interest from date payable annually, the principal payable in five equal annual instalments, the last falling due the first of November, 1863. The plaintiff brings the action as successor in office of the commissioner in equity.

"It is not necessary to recite here the history of this litigation; it is printed in the books. *Ruff* v. *Elkin*, 40 S. C., 70; *Parr* v. *Linder*, 40 S. C., 194; *Jennings* v. *Parr*, 51 S. C., 191; *Jennings* v. *Parr*, 54 S. C., 109. The Supreme Court held that the plaintiff could maintain this action, and that those for whom the plaintiff sues are not chargeable, as devisees under the will of James Elkin, with the rents and profits received by W. B. Elkin from 1877 to his death in 1890—51 S. C., 205. No other issues were made for or decided by that Court.

"The case was remanded to this Court for 'such further proceedings as may be necessary to carry into effect the views herein announced.' When it came back, the defendant was allowed to amend his answer in five particulars (54 S. C., 110-111). The plaintiff thereupon, and pursuant to the order, filed an amended summons and made three new

parties defendant, to wit: estate of W. B. Elkin, estate of
Mary Ann Elkin, of both of which R. H. Jennings, as clerk,
is administrator, and Carrie G. Elkin. The defendant,
Parr, then filed an amended answer. The ninth defense of
the amended answer, I shall not consider, as the attorney for
H. L. Parr frankly stated in argument that he did not think
the evidence sustained it. The tenth defense pleads the
lapse of twenty years since the maturity of the bond, the sub-
ject of the action, and denied any partial payment thereon
to rebut the presumption created by lapse of time. The
eleventh defense charges, that Carrie G. Elkin was surety on
the bond of W. B. Elkin, as administrator of the estate of H.
W. Parr; and defendant pleads as an equitable defense
against Carrie G. Elkin whatever the estate of W. B. Elkin
is due to the estate of H. W. Parr, deceased. The twelfth
defense charges that Mary Ann Elkin was surety on the
bond of W. B. Elkin, guardian of Henry L. Parr, an infant;
and the defendant, Henry L. Parr, pleads as an equitable
defense against those who here represent Mary Ann Elkin,
whatever the estate of W. B. Elkin is due to him by reason of
guardianship, and arising thereout.

"Thereupon, the defendant, Carrie G. Elkin, answered the
complaint, and replied to the amended answer of Parr; and
the defendant, R. H. Jennings, as administrator of the estate
of Mary Ann Elkin, replied to the amended answer of Parr.
Among other defenses, the replies above referred to, plead
the statute of limitation to the said equitable defenses plead
by Parr. The estate of Mary Ann Elkin replied, also, that
Mary Ann Elkin died in 1884, and W. B. Elkin died in 1890,
without lineal descendant; that by the will of James Elkin,
his son, W. B., took a fee defeasible in the Elkin tract with
an executory devise to Mary Ann, the sister of W. B., in one-
half the land, with contingent remainder to her children
living at the time of her death; that the bond sued on was
substituted for the Elkin tract by decree of the court of
equity; that the estate of Mary Ann has no such interest in
the bond as is chargeable with her liability as surety on the

bond made by W. B. Elkin, as guardian for H. L. Parr. The estate of W. B. Elkin replied, also, that pursuant to the will of James Elkin, the estate of James Elkin has no interest in the bond sued on, and for the reason above stated. Some additional testimony was taken by the referee after the said amendments, and it relates chiefly to the rents of the Lakin tract of land. I heard the cause on the testimony taken before the amendments, and that taken thereafter. The testimony appearing in the printed case of Ruff *v.* Elkin and that entire record was withdrawn by counsel from consideration in this case.

"The first issue is the existence of the bond sued on. It would be unwarrantable at this stage of the cause to do else than find that the bond has been proven. A more serious issue is the presumption of payment arising from the lapse of time. The bond matured November 1st, 1863. This action was commenced August 11th, 1894. The plaintiff relies on two payments which he claims to have been made by Henry W. Parr, and which are evidenced by two receipts signed by William B. Elkin, dated November 20th, 1874, and February 6th, 1876, respectively. These receipts are printed at page 51 of the case for the first appeal herein. These receipts came to light at the hands of Henry L. Parr, in the action entitled *Ruff* v. *Elkin*, 40 S. C., 70, and were put in testimony by him in that case. The plaintiff subpœnaed the defendant, Parr, to produce them in this action, and they were produced and offered by the plaintiff. The first issue made by the defendant, Parr, with reference to these two papers, is that the payments do not therein appear to have been made on the specific bond which is the subject of this action. One receipt declares the payment to have been on 'Parr's bond in the commissioner's office, Winnsboro,' the other declares the payment to have been made 'on a bond in the clerk's office.' Standing by itself, the last receipt would not be a sufficient evidence of payment on this bond; but the two together, coupled with the testimony of Henry L. Parr, to wit: 'Mr. Elkin never

claimed any other debt, except this bond against my father,'
make it clear that these payments were made on the bond,
which is the subject of this action.    Then, there is some in-
trinsic evidence in the amount specified in the last receipt,
$172.    The bond is for $2,030.93.    The date to which inter-
est was paid as evidenced in the first receipt, was 20th
November, 1874; from that day to February 6th, 1876
(second receipt), there elapsed one year and two and one-
half months; the interest on $2,030.93 for that period of
time is $171.76.    These papers came from the proper cus-
tody, and it is manifest from them that two months before
his death (he died April 10th, 1876), Henry W. Parr had
paid all the interest, but none of the principal of the debt.
It is earnestly contended by defendant's counsel that in
Clowney, as clerk, *v*. Parr, W. B. Elkin said the only pay-
ment made on the bond was interest up to November 1st,
1873.    But reference to the citation of counsel shows that
such was only the allegation of the sixth paragraph of the
complaint.    It does not appear that the complaint was
verified.    The complaint was that of Clowney *v*. Parr, and
not Elkin.    It was further contended by defendant's coun-
sel, that the two payments were made, not to the legal custo-
dian of the bond, but to Elkin.    The payments were of
interest; Elkin was the equitable owner thereof, and was
entitled to have the same, mediately or immediately, from the
debtor.    There would have been no warrant for Henry W.
Parr to pay principal to Elkin, and no warrant for Elkin to
receive the same.    There was no exigency demanding a pay-
ment by Parr of the principal of the bond.    Under the terms
of the will, the right to it was not determinable until the
death of W. B. Elkin.

"The defendant, Parr, contends, further, that plaintiff's
right to subject descended assets to the payment of the bond
in question is defeated, under the recent authority of *Brock
v. Kirkpatrick*, 60 S. C., 322.    The case holds, that the stat-
ute begins to run against the creditor in favor of the
heir, only after the creditor's remedy against the

estate of the ancestor has been exhausted.  It does indicate how the fact of exhaustion must be proved.  It was admitted by counsel in argument that there has been no return of *nulla bona* herein; but it is contended there is an indorsement on the execution of *satisfaction,* which is equivalent to an indorsement of *nulla bona* for the purpose intended.  There is such an indorsement.  But the indorsement of satisfaction was made by mistake.  It turned out that the sale, which was thought to work satisfaction of process, was a void sale, because there was no valid judgment upon which process could issue.  *Parr* v. *Lindler,* 40 S. C., 193.  The answer of the defendant, Parr, 'admits that there is no personal estate and no personal representation of Henry W. Parr, deceased' (first defense, paragraph 5, answer). Under *Cleveland* v. *Mills,* 9 S. C., 436, the defendant, Parr, can set up here only four defenses, to wit: 1. That W. H. Parr owed no such debt.  2. That the action thereon is barred by statute.  3. That the plaintiff creditor has been guilty of laches.  4. That the defendant, H. L. Parr's, possession has been for the statutory period.

"The first and second have been considered already.  Has the plaintiff lost his remedy by laches?  Immediately after the death of H. W. Parr, the bond and mortgage were sued to judgment, and sale had in 1877 of the very land now pursued, the purchaser took possession; the title to that land was thought to be impressed with the limitations prescribed in the will of James Elkin, and the same limitations which controlled the bond while it was current (40 S. C., 72).  The legal title to the land was then in Henry L. Parr, and he had actual possession of it from 1890.  In November, 1893, the Supreme Court declared that the said sale was void, because Henry L. Parr was not before the Court which gave the judgment—*Ruff* v. *Elkin,* 40 S. C., 70.  Thereupon, in August, 1894, this action was begun.  There has been no laches, and the third defense cannot be sustained.

"Nor can the fourth defense; for the defendant, Parr, only

went into possession in 1890, and this action was begun in 1894. The conclusion, therefore, is, the bond is intact, and for its payment the plaintiff may pursue the descended land. The heirs at law of Judith W. Ruff are owners of a one-half interest in the bond. The defenses next hereinafter noticed and hereinbefore referred to do not refer to them. Their right to payment is, therefore, established. * * *

"In October, 1876, W. B. Elkin became administrator of the estate of Henry W. Parr. The administrator's bond for $1,000 was signed by the defendant, Carrie G. Elkin, as surety. The eleventh defense of Henry L. Parr, before cited, puts in issue the transaction of Elkin as such administrator. The same conclusions are here announced which were hereinbefore reached with reference to the allowance of this defense, the interest of Carrie G. under the will of James Elkin, and the bar of the statute—the fact of the running of the statute being reserved for further consideration. On the 5th of May, 1882, W. B. Elkin filed in the probate court his 'final return,' as administrator of the estate of Parr. The administrator therein reported the debits and credits equal, and the estate fully administered. But the administrator made two returns after that—the last dated May 12th, 1884, again purporting to be a final return,' and again balancing the account. The application for a final discharge, resisted by creditors, and evidenced by a mutilated record, was made in 1879. The decree of the probate court is dated January 19th, 1880. The discharge could not have been had in that proceeding, for returns were made four years thereafter. No final discharge is shown to have been granted. But the return of May 12th, 1884, purported to be a final execution of the trust, and would start the statute as soon as the ward reached his maturity in February, 1891—*Pettus* v. *Clawson,* 4 Rich. Equity, 95. I do not think the case is altered by sec. 41 of the Code.

"And the next inquiry is, the amount of liability of the defendant, Carrie G., on the administration bond. The record from the probate court shows that the administrator

fully administered the personal assets.   The accounts have not been falsified.   Is Carrie G. liable to pay for the rents Elkin got off the Montgomery tract?   Their value has been fixed.   As hereinbefore found, Elkin got these rents as a trespasser, and his surety did not warrant him in that capacity.   For such acts the surety is not liable.   Nor, indeed, is the surety liable for rents collected from lands by the administrator.   Much more is Carrie G. Elkin not liable for any rents collected by W. B. Elkin off the Lakin lands. There is not competent testimony in *this case* to prove that Henry L. Parr was the owner of that land, and entitled, therefore, to the rents and profits.   That which was proved or established in Pollard *v.* Parr is not testimony in this case.

"Thus all the issues are disposed of, and the only payments on the bond established by the testimony, in addition to those already established, are the two payments evidenced by the two receipts hereinbefore referred to.

"Let the cause be remanded to the referee, W. D. Douglass, Esq., to report the amount due on the bond, in accordance with the report of the Supreme Court and the findings herein; and thereafter plaintiff can have judgment for such balance, and for the payment thereof out of the Montgomery and Mill tracts of land."

The defendant, Henry L. Parr, excepts to the decree of his Honor, Judge Gage, filed herein on the 3d day of August, 1901:

"1. Because his Honor erred, in that he should have held that there was no proof of the execution and delivery of the alleged bond by Henry W. Parr to W. R. Robertson, commissioner in equity.

"2. Because his Honor erred, in that he should have held that there was no proof of the alleged bond or of any agreement to pay interest thereon.

"3. Because his Honor erred in holding that 'it would be unwarrantable, at this stage of the cause, to do else than find that the bond has been proven.'

"4. Because his Honor erred in not holding that the bond and the mortgages sued on in this case are presumed to have been paid and satisfied by lapse of time.

"5. Because his Honor erred in holding that the presumption of payment of the bond and mortgage sued on in this case, which arises from lapse of time, has been rebutted by certain payments alleged to have been made by H. W. Parr to W. B. Elkin on the 20th day of November, 1874, and on the 6th day of February, 1876, when the testimony in this case shows that such payments were never made nor allowed as credits on the debt sued on in this action.

"6. Because his Honor erred, in that he did not hold that there was *no proof* in this case of the payments alleged to have been made by H. W. Parr to W. B. Elkin on the said bond on the 20th day of November, 1874, and on the 6th day of February, 1876.

"7. Because his Honor should have held that there was not sufficient evidence in this case to show that the alleged payments were made *on the debt sued on in this action.*

"8. Because his Honor should have held that the said alleged payments, not having been allowed as credits on the debt sued on in this action for either principal or interest thereon, were neither in law nor in fact such payments as would rebut the presumption of satisfaction of said debt, which arises from the lapse of twenty years.

"9. Because his Honor should have held that payments made to W. B. Elkin could not be regarded either in law or in fact as such payments to the plaintiff or his predecessors in office or to W. R. Robertson, commissioner in equity, as would rebut the presumption of satisfaction of said debt arising from lapse of time.

"10. Because his Honor erred, in that he did not hold that the alleged cause of action set forth in the complaint herein is barred by the statute of limitations.

"11. Because his Honor should have held that as more than six years have elapsed since it had been made to appear that plaintiff's remedy against the administrator and the per-

sonal estate of H. W. Parr, deceased, had been exhausted, that the alleged cause of action set forth in the complaint herein is barred by the statute of limitations.

"12. Because his Honor should have held that the return 'satisfied' by the sheriff of the execution, which was issued against the administrator of the estate of H. W. Parr, deceased, for the balance alleged to be due on the debt sued on in this action, was sufficient to show that the remedy against the administrator and the personal estate had been at that time exhausted, and that such return gave currency to the statute of limitations in favor of the heir at law against said debt, which was barred after six years from the time of said return.

"13. Because his Honor should have held that it was shown by all the testimony in this case that the remedy of plaintiff against the administrator of the estate of Henry W. Parr, deceased, was exhausted more than six years prior to the commencement of this action, and that the alleged cause of action set forth in the complaint against the defendant, H. L. Parr, as heir at law of H. W. Parr, deceased, was hence barred by the statute of limitations.

"14. Because his Honor should have held that if the alleged debt set forth in the complaint constitutes a cause of action against the defendant, Henry L. Parr, as heir at law of Henry W. Parr, deceased, that such cause of action accrued against him more than six years prior to the commencement of this action, and is hence barred by the statute of limitations.

"15. Because his Honor erred, in that he should have held that the plaintiff and those for whose benefit he brings this action, are barred by their great *laches* and by their unreasonable neglect to prove their alleged debt against the administrator, and against the personal estate of Henry W. Parr, deceased.

"16. Because his Honor erred, in that he should have held that Mary Ann Elkin, deceased, as surety on the bond of W. B. Elkin, as guardian of the defendant, Henry L. Parr, was

indebted to said Henry L. Parr in an amount much greater than her interest in the bond sued on in this case, and such liability on the part of the said Mary Ann Elkin was a valid, equitable defense, or set off to the claim made on behalf of her heirs at law in this action.

"17. Because his Honor erred in refusing to hold that the said Mary Ann Elkin was liable, as surety on the bond of W. B. Elkin, as guardian of the defendant, Henry L. Parr, for rents received from the 'Montgomery place' by his said guardian, and also for the cord-wood and cross-ties taken therefrom by him.

"18. Because his Honor erred in not holding that the said Mary Ann Elkin was liable as surety on the bond of W. B. Elkin, as guardian of the defendant, Henry L. Parr, for rents received from the 'Lakin place' by his said guardian.

"19. Because his Honor erred in holding that there is not competent testimony in this case to prove that Henry L. Parr was the owner of the land known as the 'Lakin place,' and entitled to the rents and profits therefrom.

"20. Because his Honor erred in holding that, 'that which was proved or established in Pollard *v.* Parr is not testimony in this case.'

"21. Because his Honor erred in holding that if W. B. Elkin was liable to the defendant, Parr, for rents, as a trespasser, the surety on his bond is not liable; whereas, he should have held that the surety is liable to account for all property of the ward, which may come into the hands of the guardian.

"22. Because his Honor erred, in that he should have held that the defendant, Carrie G. Elkin, as surety on the bond of W. B. Elkin, as administrator of the estate of Henry W. Parr, deceased, was indebted to said estate and to the defendant, Henry L. Parr, in an amount much greater than her interest in the bond sued on in this case, and that such liability on the part of the said Carrie G. Elkin was a valid, equitable defense or set-off to the claim made on her behalf in this action.

"23. Because his Honor erred in holding that the return of the administrator, which purports to be a final return, although no final discharge be granted, is sufficient to start the statute of limitations.

"24. Because his Honor erred, in that he did not order and decree that the administrator of the estate of W. B. Elkin, deceased, account for the acts and doings of his intestate as guardian of the defendant, Henry L. Parr, and as administrator of the estate of Henry W. Parr, deceased."

*Messrs. G. W. Ragsdale* and *George Johnstone,* for appellant. *Mr. Ragsdale* cites: *Statute may be pleaded by the heir:* 51 S. C., 327; 47 S. C., 430; 60 S. C., 322. *If title is in ward, guardian çannot hold as trespasser:* 15 S. C., 364. *Surety of guardian is liable for all that guardian should have collected:* McM. Eq., 495; 4 Rich. Eq., 14; Rice Eq., 198; 2 Hill Ch., 367; 15 Ency., 2 ed., 91, 92, 93, 95.

*Messrs. James G. McCants* and *J. E. McDonald,* contra. *Mr. McCants* cites: *Recital in bond of ancestor binds the heir:* 1 Green. Ev., 3 ed., sec. 23; 18 S. C., 93; Harp. L., 34; Spear's Eq., 115; 18 S. C., 484; 19 S. C., 257; 27 S. C., 167; 10 Rich. Eq., 109. *Credit indorsed on bond or note before bar by statute or presumption, is prima facie evidence of payment:* 2 McC. L., 18. *Unverified complaint is not evidence of admission:* 1 Rich. Eq., 26. *Appellant having produced the receipts on notice, cannot object to their genuineness:* 52 S. C., 193; 51 S. C., 1; 48 S. C., 7; 59 S. C., 162; 21 S. C., 465; 13 Ency., 759; 13 S. C., 37. *Statute of limitations is not applicable to bonds executed before the Code:* Code, 93; 20 S. C., 365; 29 S. C., 443; 6 Rich. L., 214; Rice Eq., 128. *Surety of Elkin as guardian is not liable for the rents here:* 17 S. C., 4; 49 Mich., 157; 7 Ency., 217, 218; 11 Ency., 584; 4 Strob. Eq., 171; 59 S. C., 457; 8 Rich. L., 412. *Elkin having been construed to be mortgagee in possession, appellant is estopped from saying he is guardian in possession:* 51 S. C., 191; 36 S. C., 596; 7 Ency., 32, and notes; 2 Smith's

Lead. Ca., 681; Big. on Est., 503, 505, 506, 516; 15 S. C., 504. *Exception too general:* 59 S. C., 1, 297, 496. *Where a trustee does an act purporting to lay aside his trust the statute begins in his favor:* 4 Strob. Eq., 96; 14 Rich. Eq., 101; 26 S. C., 236; 44 S. C., 391. *Returns of administrator and guardian are prima facie evidence for them:* 2 McC., 197; 3 Rich. Eq., 172; 2 Strob. Eq., 289; 37 S. C., 123. *To order an accounting is a matter of discretion:* 2 Johns., 432; 2 Atk., 610; 3 Johns., 536.

January 20, 1902. The opinion of the Court was delivered by

Mr. Justice Gary. The record contains the following statement: "The above action was commenced on the 11th day of August, 1894. An order of reference was made therein to take the testimony upon the issues raised by the pleadings; upon the report of the referee the cause was first heard at the September (1896) term of the Court of Common Pleas for Fairfield County, before his Honor, Judge R. C. Watts; who, on the 9th day of January, 1897, filed his judgment therein, dismissing the complaint. Upon appeal by the plaintiff, the judgment of Judge Watts was reversed by the Supreme Court and the cause remanded—51 S. C., 191. Thereupon the defendant, Henry L. Parr, applied before his Honor, Judge Klugh, at the February (1898) term of the Court, and obtained an order granting leave to amend his answer by setting up additional defenses. On appeal taken by the plaintiff, this order by Judge Klugh was affirmed by the Supreme Court—54 S. C., 109. The summons and complaint were amended as required by Judge Klugh's order by making the administrator of William B. Elkin, deceased, and the administrator of Mary Ann Elkin, deceased, and Carrie G. Elkin, parties. The defendant, Henry L. Parr, served his amended answer as provided in said order of Judge Klugh, and after the taking of some additional testimony the cause came on for hearing before his Honor, Judge Gage, at the June term (1901) of the

Court.   He filed his decree on the 3d day of August, 1901, from which the defendant Parr now appeals to this Court." The decree of his Honor, the Circuit Judge (omitting the part hereinafter quoted), and the appellant's exceptions, will be set out in the report of the case.

It will not be necessary to consider the exceptions in detail, as this Court is satisfied with the conclusions reached by the Circuit Judge for the reasons assigned by him on all questions in issue, except those growing out of the suretyship of Mary Ann Elkin on the bond of W. B. Elkin, as guardian of the defendant, Henry L. Parr, which the Court will proceed to determine.

That portion of the decree disposing of these questions is as follows: "The twelfth defense charges that Mary Ann Elkin was surety on the bond of W. B. Elkin, guardian of Henry L. Parr, an infant; and the defendant, Henry L. Parr, pleads as an equitable defense against those who here represent Mary Ann Elkin, whatever the estate of W. B. Elkin is due to him by reason of guardianship, and arising thereout. Thereupon, the defendant, Carrie G. Elkin, answered the complaint, and replied to the amended answer of Parr, and the defendant, R. H. Jennings, as administrator of the estate of Mary Ann Elkin, replied to the amended answer of Parr. Among other defenses, the replies above referred to plead the statute of limitation to the said equitable defenses plead by Parr.   The estate of Mary Ann Elkin replied, also, that Mary Ann Elkin died in 1884, and W. B. Elkin died in 1890, without lineal descendant; that by the will of James Elkin, his son, W. B., took a fee defeasible in the Elkin tract, with an executory devise to Mary Ann, the sister of W. B., in one-half the land, with contingent remainder to her children living at the time of her death; that the bond sued on was substituted for the Elkin tract by decree of the court of equity; that the estate of Mary Ann has no such interest in the bond as is chargeable with her liability as surety on the bond made by W. B. Elkin, as guardian for H. L. Parr.   The estate of W. B. Elkin replied, also, that pursuant to the will of James

Elkin, the estate of James Elkin has no interest in the bond
sued on, and for the reason above stated.    Some additional
testimony was taken by the referee after the said amend-
ments, and it relates chiefly to the rents in the Lakin tract of
land.    I heard the cause on the testimony taken before the
amendments, and that taken thereafter.    The testimony ap-
pearing in the printed case of Ruff *v.* Elkin, and that entire
record was withdrawn by counsel from consideration in this
case. * * *  The person named in the will of James Elkin
as Mary Ann Elkin, and who was to take, under contingen-
cies named, along with her sister, Judith W. Ruff, died in
June, 1884.    Her heirs at law are parties to this action.  One
of them, Carrie G. Elkin, widow of Mary Ann's son, David,
and to whom reference will hereafter be made.    In April,
1887, W. B. Elkin became the guardian of the person and
estate of the defendant, Henry L. Parr, then about seven
years old.    The guardian's bond for $1,200, was signed by
Mary Ann Elkin as a surety.    The twelfth defense of Henry
L. Parr, before cited, puts in issue the transaction of Elkin
as guardian.    It has been decided by the Circuit and Su-
preme Court that the defense is allowed—54 S. C., 109.    So
that the only inquiry is, has it been established by the testi-
mony and the law?    Against the consideration of this plea,
the heirs at law of Mary Ann Elkin plead, as hereinbefore
stated, that they are entitled to the bond under the will of
James Elkin, as purchasers, and not as inheritors from Mary
Ann.    While the Supreme Court did not decide this ques-
tion upon an issue made there, the Chief Justice indicated a
decided opinion to the contrary, and I shall assume such to
be the law.    And further, as a bar to this plea, the plaintiff
pleads the statute of limitation.    The record from the pro-
bate court shows that the guardian made his last return May
9th, 1889.    He died in April, 1890.    By the last but not
final return he was debtor to his ward in the sum of $3.38.
The ward did not arrive at maturity until February 7th,
1891.    There is no evidence that the guardian was ever dis-
charged.    The last return does not purport to be a full and

final statement of all that was coming to the ward.   The balance struck does not purport to be for payment to his ward. The statute did not begin to run because of said return. Nevertheless, if the statute has run, the defendant, Parr, can sustain his plea as an equitable set-off, in analogy to the case of *Wilson* v. *Kelly*, 16 S. C., 216.   It would be unconscionable to allow the Elkins to exact payment of Parr at a time when they owed Parr, without requiring them to pay, too. In no other way could Parr get payment.   If he could get payment in another forum, he would be remitted there.   So this is the next inquiry : is the estate of Mary Ann Elkin liable for anything on the guardianship bond ?   The account of the guardian in the probate court shows a liability of only $3.38.   The account has not been falsified, and is presumably correct.   But the defendant, Parr, demands of the surety, Mary Ann Elkin, the rents of the Montgomery tract, collected and appropriated by W. B. Elkin betwixt 1887 and 1890, and found by the Circuit Judge who first heard the case (and affirmed by the Supreme Court) to exceed the principal and interest of the bond—51 S. C., 213.   The guardian is liable for all funds of his ward which he may receive, no matter from what source.   And the surety guarantees the faithful performance of the trust.   But the Chief Justice has well said, "There is nothing whatever in the case, upon which even a pretense could be founded, that (Elkin) took possession of the lands as guardian; on the contrary, all the proceedings conclusively show that his possession was adverse to the rights of Henry L. Parr—51 S. C., 215.   If that be so, Elkin was liable to Parr for rents as trespasser, and for such liability the surety on his bond as guardian is not liable."

The error of the Circuit Judge was in ruling that the surety on the guardianship bond of W. B. Elkin was not liable unless he received the rents of the lands as guardian of Henry L. Parr.   A guardian and his sureties are not only liable for whatever property of the ward may have come into his hands as guardian, but likewise for all

21—62

property of the ward which could have been reduced to possession, by the exercise of due diligence on the part of the guardian in the administration of his trust. This is not a case where it can be contended that the guardian could not get the property of the ward into his possession, for he actually received the rents from lands belonging to the ward. The guardian and his sureties were, therefore, liable upon their bond for the rents, whether received by him as guardian or in his individual capacity. As this Court is satisfied that Mary Ann Elkin became liable to the full extent of the bond, it will not be necessary to order an accounting to determine the extent of her liability. This amount must be deducted from the beneficial interest of her representatives in the bond sued on.

It is the judgment of the Court, that the judgment of the Circuit Court as herein modified be affirmed.