[No. 36-40963-3.   Division Three.   December 11, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. GORDON CORNELL, *Appellant.*

*Jerry A. Votendahl,* for appellant.

*Arthur R. Eggers, Prosecuting Attorney,* and *Albert J. Golden, Deputy,* for respondent.

GREEN, J.—Defendant appeals from a jury conviction in superior court, of driving while under the influence of or affected by the use of intoxicating liquor in violation of RCW 46.61.505.

Defendant claims the trial court erred in: (1) allowing the arresting officer to testify as to the results of certain

physical tests given defendant at the scene prior to his arrest; (2) giving and refusing to give certain instructions; (3) refusing to allow defendant to present testimony of his general reputation in the community for sobriety; (4) failing to grant defendant's motion for judgment notwithstanding the verdict or a new trial.

The evidence shows that about 11:40 p.m. on February 18, 1968, while defendant, Gordon Cornell, was driving his Volkswagen in a northerly direction on Route 125 about 2 miles south of Walla Walla, Washington, State Trooper Peter Overdahl stopped defendant. After defendant was advised of his constitutional right to refuse to answer questions, that anything he said could be used against him, and of his right to an attorney, Trooper Overdahl asked defendant to perform three sobriety tests commonly known as the "heel to toe" test (walking a straight line heel to toe), the "finger to nose" test, and the "balance" test. While defendant did not refuse to take these tests, he was "very hesitant" in doing so. When defendant failed to perform these tests satisfactorily, he was arrested. At trial, the state produced other evidence consisting of observations made of the defendant both at the scene of the arrest and later at the Walla Walla County Sheriff's Office. Defendant did not testify in his defense.

First, defendant claims error in the admission of the testimony concerning the three sobriety tests and the conclusions drawn therefrom. He contends his Fifth Amendment privilege against self-incrimination was violated when he was compelled to do physical tests that communicated incriminating knowledge or tended to prove the charge against him. These acts, defendant argues, were within the privilege against self-incrimination.

█ Although it is doubtful whether the evidence supports defendant's claim of compulsion, it is unnecessary for us to decide this issue. The precise question raised in this case was decided adversely to defendant in *Mercer Island v. Walker*, 76 Wn.2d 607, 458 P.2d 274 (1969). In holding

the three sobriety tests admissible, even though no prior warning of constitutional rights was given, the court said at 612:

We think appellant's argument is without merit in view of our decision in *State v. West,* 70 Wn.2d 751, 424 P.2d 1014 (1967). Therein, at 752-53, we announced the rule in this state and analyzed *Schmerber*:

The privilege against self-incrimination protects an accused only from being compelled to testify against himself or otherwise provide the state with evidence of a testimonial or communicative nature. That compulsion which makes an accused the source of *real* or *physical* evidence does not violate the privilege. *Schmerber v. California,* 384 U.S. 757, 764, 16 L. Ed. 2d 908, 86 Sup. Ct. 1826 (1966); *State v. Craig,* 67 Wn.2d 77, 406 P.2d 599 (1965).

*Schmerber* concludes that although the idea has been expressed in many different ways, most federal and state courts agree that the privilege against self-incrimination offers no protection against compulsion to submit to "fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to *stand,* to *assume a stance,* to *walk,* or to make a particular gesture." (Italics ours.) As indicated in *State v. Craig, supra,* at 82, the privilege does not apply to "a simple physical act, a bodily action like taking off shoes or rolling up sleeves or writing for identification. These are simply bodily exhibitions."

Second, defendant claims error in the failure to give defendant's proposed instructions No. A, B and C. Error is also claimed to the giving of instructions 6 and 7. A review of the instructions given reveals no error in the failure to give defendant's proposed instructions since they were substantially covered in the instructions given. Furthermore, there was no error in giving instructions 6 and 7.

■ Third, defendant asserts error in the court's refusal to allow a character witness to testify as to defendant's general reputation for sobriety in the community where he resides. Although such refusal was error, a complete review of the record shows such error to be harmless and not substantially prejudicial to defendant. *State v. Mesaros,* 62

Wn.2d 579, 384 P.2d 372 (1963). It is noted that testimony was admitted to show that defendant's general reputation in the community was good.

Last, it is claimed defendant's motion for judgment n.o.v. or a new trial should have been granted, there being insufficient credible evidence to support the verdict. The jury is the sole and exclusive judge of the evidence and the weight and credibility of the witnesses and we will not reverse if there is substantial evidence to support the jury's findings. *State v. Zorich,* 72 Wn.2d 31, 431 P.2d 584 (1967); *State v. Franks,* 74 Wn.2d 413, 445 P.2d 200 (1968). A challenge to the evidence requires that the evidence be interpreted most strongly against the moving party and in the light most favorable to the opposing party. *State v. Zorich, supra.* A review of the evidence in light of these rules shows substantial evidence in support of the jury's verdict.

In its brief, plaintiff questions the procedure on appeal to the superior court from justice court. As noted by counsel in argument, no cross appeal was filed. Therefore, these questions are not properly before this court and will not be considered.

Judgment is affirmed.

EVANS, C. J., and MUNSON, J., concur.

Petition for rehearing denied January 8, 1970.