603 P.2d 1017

The STATE of Idaho,
Plaintiff-Respondent,

v.

Michael Terrence McCURDY,
Defendant-Appellant.

No. 12981.

Supreme Court of Idaho.

Dec. 7, 1979.

Michael Terrence McCurdy, pro se, Jeff Stoker, Twin Falls, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Eugene A. Ritti, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Chief Justice.

Michael Terrence McCurdy (McCurdy) appeals his conviction for driving while intoxicated (DWI), repeated offense, which is a felony offense. We affirm.

On the evening of December 27, 1976 at approximately 8:30 p. m., an automobile accident occurred in the vicinity of Pierce Street and Filer Avenue in Twin Falls, Idaho. Officer Elliott, an off-duty policeman, heard the noise caused by the accident and went to the scene. He found McCurdy standing on the sidewalk next to a small white car, which was up against the curb. The car was extensively damaged. Officer Elliott testified that, upon approaching McCurdy, "he smelled quite strongly of alcohol, and was kind of staggering around. . . ." Elliott asked McCurdy if he were injured and upon receiving a negative reply, Elliott contacted the local police. After doing so, Elliott informed McCurdy that he was a police officer and that McCurdy should not smoke any cigarettes because Elliott "was sure the police wouldn't want him to do so. . . ."

Shortly afterward, Officer Belzer, the investigating officer, arrived and approached McCurdy. After observing McCurdy's clothing in disarray and noting his unsteadiness, he asked McCurdy if he was the driver of the damaged car, to which McCurdy replied that he was. Upon talking with McCurdy closely, Belzer testified he could smell a strong odor of alcohol on him, and upon making this observation, requested that McCurdy take some dexterity tests and an A–B–C recitation test. After giving McCurdy these tests, Belzer arrested McCurdy for DWI. After the arrest, McCurdy was informed of his Miranda rights and a Mobat breath analysis test was taken. The results of the breath test indicated that there was a .29 percentage of alcohol by weight in McCurdy's blood.

McCurdy was charged with DWI, repeated offense, and waived a preliminary hearing. In district court he entered a plea of not guilty to the charge. In February, 1978, a bifurcated jury trial was held[1] and the jury returned a verdict of guilty against McCurdy for driving while intoxicated on February 2. The following day the jury heard testimony regarding McCurdy's prior convictions of DWI in Twin Falls County in 1972, in Power County in 1974 and in Jerome County in 1976. The court advised the jury there was insufficient evidence of the Power County conviction to go to the jury. The Twin Falls conviction of 1972 and the Jerome County conviction of 1976 did go to the jury and apparently on the basis of either or both convictions, the jury returned a guilty verdict against McCurdy for DWI, repeated offense. McCurdy's sentence was withheld and he was placed on probation for a period of eighteen months, subject to express terms and conditions. This appeal followed.

McCurdy challenges his conviction for four reasons, each of which we will address separately. First, McCurdy argues that *Miranda* warnings should have been given before the investigating officer asked him questions regarding the accident. Relying on *State v. Wyman*, 97 Idaho 486, 547 P.2d 531 (1976), McCurdy contends that his *Miranda* warnings should have been given at the time he became the "focal point" of the investigation—at the time when he was advised by Officer Elliott not to smoke any cigarettes. Appellant argues that failure to give him his *Miranda* warnings at that time should result in suppression of all statements and evidence obtained from that point on.

We find this argument unpersuasive. Since the time this Court handed down its decision in *Wyman*, the United States Supreme Court has clarified the reach of *Mi-*

---

1. In Idaho, the felony offense of driving while under the influence, repeated offense, is a bifur-

cated procedure. *State v. Wiggins*, 96 Idaho 766, 536 P.2d 1116 (1975).

randa warning requirements in several cases. Approximately two months after *Wyman* was handed down, the United States Supreme Court declared in *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976) that *Miranda* warnings were required when a person had been taken into custody or otherwise significantly deprived of his freedom of action in any way.

The Court's position on the requirement of *Miranda* warnings was substantiated a year later in *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). Rather than calling for *Miranda* warnings when the defendant became the focal point of the investigation, the Court held that:

> "*Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.' It was *that* sort of coercive environment to which *Miranda* by its terms was made applicable, and to which it is limited." 429 U.S. at 495, 97 S.Ct. at 714.

As a result, *Miranda* warnings were required only when McCurdy was in custody or significantly deprived of his freedom.

Accordingly, *Wyman* is overruled. Under the holdings of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *State v. Allgood*, 98 Idaho 525, 567 P.2d 1276 (1977); and *State v. Hobson*, 95 Idaho 920, 523 P.2d 523 (1974), Officer Belzer was permitted to investigate his suspicions and establish McCurdy's identity. Such investigative questions can not be deemed "coercive." *Fritts v. State*, 443 P.2d 122 (Okl.Cr.1968). *See State v. McClellan*, 96 Idaho 569, 571, 532 P.2d 574, 576 (1975); *State v. Sandoval*, 92 Idaho 853, 856–58, 452 P.2d 350, 353–55 (1969).

Nor are *Miranda* warnings required prior to the administration of dexterity tests, as argued by McCurdy. The privilege against self-incrimination refers only to communicative and not "real" evidence. *State v. Dillon*, 93 Idaho 698, 471 P.2d 553 (1970), *cert. denied*, 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223 (1971). Following the landmark decision of *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), most courts have held that *Miranda* warnings do not apply to protect a defendant who voluntarily submits to dexterity tests since these activities are not protected by the self-incrimination clause of the fifth amendment. *Flynt v. State*, 507 P.2d 586 (Okl.Cr.1973); *State v. Bhattacharya*, 18 Or.App. 327, 525 P.2d 203 (1974); *State v. Cornell*, 1 Wash.App. 425, 462 P.2d 949 (1969). Nor does *Miranda* apply to results obtained from a breathalyzer test. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971). Thus, such evidence was properly admitted at trial.

McCurdy's second argument is that there was insufficient evidence of any prior DWI convictions to establish a felony charge against him on this occasion. McCurdy contends that before he could be found guilty of DWI, repeated offense, the jury would have to be convinced beyond a reasonable doubt that in prior proceedings he had been properly advised of his right to an attorney and that he had intelligently waived that right. McCurdy argues that the minute entries "informed of his right to counsel" and "defendant waived right to counsel" were left blank for both the Jerome County and Twin Falls County convictions and, as a result, a waiver of his rights from a silent record is impermissible. *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Evidence of prior DWI convictions was thus insufficient.

This argument, too, is unpersuasive. McCurdy's Jerome County conviction resulted in a fine without any period of confinement. In such circumstances, there is no need to establish a right to counsel or a waiver of those rights. *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Mahler v. Birnbaum*, 95 Idaho 14, 501 P.2d 282 (1972); *Hystad v. Rhay*, 12 Wash.App. 872, 533 P.2d 409 (1975); *Strader v. Troy*, 571 F.2d 1263, 1266 (4th Cir. 1978); *accord, Da-*

**686**

*vis v. Page*, 442 F.Supp. 258, 262 (S.D.Fla. 1977). In addition, a certified copy of that judgment, admitted as state's exhibit, served to prove the prior conviction. Sufficient evidence of a prior DWI conviction was thus established.

McCurdy's third argument on appeal is that there was insufficient evidence presented to the court to justify the use of the presumption of intoxication under I.C. § 49–1102.

I.C. § 49–1102(b)(1) provides that:

"If there was at the time .08 per cent (.08%) by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating beverages, *but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.*" (emphasis added)

McCurdy contends that since no testimony was ever presented during the trial to establish that there was more than .08 per cent by weight of alcohol in his blood, that the basic evidence necessary to establish the presumption of intoxication was never properly developed. However, the record reflects that state's expert witness, Diane Giese, did explain how the Mobat test, by means of breath analysis, measures the amount of alcohol in the blood and testified that deep lung air, which the Mobat test analyzes, is equivalent to a blood sample. Since the evidence indicated a Mobat percentage of .29 of alcohol by weight in McCurdy, the jury could have properly concluded that the presumption of DWI had been established.

Even if the presumption had not been established by the testimony of state's expert witness, other evidence in the record sufficiently established that McCurdy had been under the influence. Both officers Elliott and Belzer testified that they observed McCurdy staggering and that they believed him to be intoxicated. This Court has upheld DWI convictions based on the testimony of a police officer that, to his belief, and based upon his observations of the defendant, the driver was under the influence. *State v. Warner*, 97 Idaho 204, 541 P.2d 977 (1975); *State v. Reyna*, 92 Idaho 669, 448 P.2d 762 (1968). Where the evidence in a prosecution for DWI is sufficient to support a guilty verdict, the reviewing court is precluded from holding as a matter of law that defendant could not be under the influence. *State v. Reyna, supra.*

McCurdy's final argument is that jury instruction No. 4, which set out the specific elements of the crime of DWI, and instruction No. 10, which requires the union of act and intent, are inherently contradictory and sufficiently confusing to a jury so as to require reversal of his conviction. *State v. Patterson*, 60 Idaho 67, 88 P.2d 493 (1939).

However, this claim is made for the first time on appeal. Instructions which were not objected to by defense counsel at trial should not be entertained on appeal. *State v. Watson*, 99 Idaho 694, 587 P.2d 835 (1978); *State v. Collinsworth*, 96 Idaho 910, 539 P.2d 263 (1975); I.C.R. 30. Although appellant states in his brief that he had no chance to raise or present any question of intent in reference to the conviction, he fails to give any reason for his failure to object at the time of trial. We therefore reject this fourth argument and affirm the judgment of conviction for DWI, repeated offense.

Affirmed.

SHEPARD, BAKES, McFADDEN and BISTLINE, JJ., concur.