941 P.2d 1299

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mark LOOSLI, Defendant–Appellant.**

No. 22180.

Supreme Court of Idaho,
Boise, December 1996 Term.

June 18, 1997.

Rehearing Denied June 18, 1997.

Van G. Bishop, Canyon County Public Defender, Shari A. Dodge, argued, Deputy Public Defender, for appellant.

Hon. Alan G. Lance, Attorney General; Michael A. Henderson, argued, Deputy Attorney General, Boise, for respondent.

McDEVITT, Justice.

This is an appeal from a trial court's refusal to suppress evidence, which appellant alleges was obtained in a custodial setting without the appellant having been given a *Miranda Warning*. Appellant further asserts that the police officers' conduct included threats, promises, and elements of spiritual counseling, rendering the statements and confession made by him involuntary. We conclude that there is substantial competent evidence to support the factual determination of the trial court that the statements of appellant were not made in a custodial interrogation.

I.

**FACTS AND PRIOR PROCEEDINGS**

Appellant Mark Loosli (Loosli) knew that police officers were attempting to contact him to question him. The officers had left several messages for him and had tried to contact him on more than one occasion. Through messages, Loosli had agreed to come into the police station to answer questions that the police officers might have. On the day that Loosli was to come to the police station for that purpose, he was having car trouble. Two officers picked Loosli up and took him to the police station in their car. They took him to Interview Room No. 2 at the police station. Interview Room No. 2 is a small room with a table. Throughout the

questioning of Loosli, two officers were present. The officers first advised Loosli of the quantum of evidence which had been gathered against him and their opinion of the success of a prosecution against him. They then appealed to Loosli to tell the truth; asked him to secure counseling; all of which would be in the best interest of himself and his family and his conscience. The officers indicated that if he did not tell the truth, it would be necessary for them to call his daughters and tell them that their "dad was calling them a liar."

On more than one occasion, the officers informed Loosli that he was free to leave at the conclusion of the interview and that they would not arrest him on that day. Loosli admitted to acts of sexual conduct with minor children. At the conclusion of the interview, the officers returned Loosli to his residence in their vehicle. Approximately seven weeks following the interview, Loosli was arrested by the police and on August 8, 1994, an indictment was filed against Loosli accusing him of the crime of two counts of Lewd Conduct With a Minor Child Under Sixteen Years, a felony. Loosli plead not guilty to the charges set forth in the indictment.

On December 22, 1994, Loosli filed a motion to suppress statements made by him in the July 5, 1994 interview.

Following a hearing on the motion, the trial court denied the motion to suppress the evidence, finding that the statements made by Loosli were not made in a custodial interrogation, and therefore no *Miranda Warning* was necessary. The trial court made this finding after the motion to suppress had been presented to it, the trial court reviewed the video tape of the entire interrogation, and observed the size and arrangement of Interview Room No. 2 where the Loosli questioning had taken place.

On February 27, 1995, following the trial court's ruling on the motion to suppress, Loosli entered into a written conditional plea of guilty, pursuant to Idaho Criminal Rule 11(d)(3) and (4), to an amended charge of one count of Sexual Abuse of a Child Under the Age of Sixteen Years. Loosli reserved his right to appeal from the trial court's denial of Loosli's motion to suppress the statements made by him in the interrogation.

Loosli appealed the trial court's denial of his motion to suppress.

All parties agree that *Miranda Warnings* were never given to Loosli at the time of his interrogation.

## II.

## LOOSLI'S STATEMENTS WERE NOT MADE IN A CUSTODIAL INTERROGATION

 The requirement of giving a *Miranda Warning* is triggered by a custodial interrogation. *State v. Ybarra*, 102 Idaho 573, 576, 634 P.2d 435, 438 (1981); *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct.App.1992). The test for determining whether questioning is custodial or merely investigative is whether the person is in custody or is deprived of his freedom of action in any significant way. *State v. McCurdy*, 100 Idaho 683, 685, 603 P.2d 1017, 1019 (1979); *State v. Bainbridge*, 117 Idaho 245, 248–49, 787 P.2d 231, 234–35 (1990). In *Ybarra*, this Court relied on *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977), wherein the United States Supreme Court held as follows:

> In the present case, however, there is no indication that the questioning took place in a context where respondent's freedom to depart was restricted in any way. He came voluntarily to the police station, where he was immediately informed that he was not under arrest. At the close of a ½-hour interview, respondent did in fact leave the police station without hinderance. It's clear from these facts that Mathiason was not in custody 'or otherwise deprived of his freedom of action in any significant way.'

429 U.S. at 495, 97 S.Ct. at 714.

 The trial court reviewed all of the facts of this matter, reviewed the video of the entire interrogation, and the environment in which the interrogation took place and concluded that in the "totality of the circumstances" it was not a custodial interrogation,

**400**

and, therefore no *Miranda Warning* need have been given.

We hold that there is substantial competent evidence to support the trial court's finding that the questioning in this case did not constitute custodial interrogation.

## III.

### VOLUNTARINESS OF LOOSLI'S ADMISSIONS

■ Appellant also urges this Court to find that his statements were rendered inadmissible by the police officers' conduct, which included threats, promises, and elements of spiritual counseling.

Statements relied upon by Loosli were the officers' assertions that he would not be forgiven by God if he did not tell the truth; that the officers would call his daughters and tell them "dad says you're a liar"; that such a declaration to appellant's daughters might cause them, at some point in time, to consider suicide. Appellant interpreted these statements to be threats and felt that as a result thereof he felt "so pressured" that he began to cry and admit the sexual contact with his daughters.

The issue of voluntariness of admissions in a non-custodial situation was addressed by this Court in *State v. Troy,* 124 Idaho 211, 858 P.2d 750 (1993). In *Troy,* this Court adopted the test of examining the "totality of the circumstances" of the questioning and then determining whether the defendant's will was overborne. *Troy,* 124 Idaho at 214, 858 P.2d at 753.

In the present case, although no *Miranda Warnings* were given, Loosli came voluntarily to the police station; the questioning by the officers was of a "relatively short length"; Loosli was a mature adult, whose education level is not disclosed by the record; the questioning was of a persistent nature but of a short duration. Thus, examining the "characteristics of the accused and the details of the interrogation" as we are directed by *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), and the "totality of the circumstances" as set forth in *Troy,* we find that the officers' questioning

was not of a nature to have overborne the will of Loosli to make the admissions he did.

## IV.

## CONCLUSION

The decision of the trial court is affirmed.

TROUT, C.J., JOHNSON, SILAK and SCHROEDER, JJ., concur.