## 15311

### McKENZIE *ET AL.* v. STANDARD ACCIDENT INSURANCE COMPANY

(16 S. E. (2d), 529)

*Mr. M. L. Meadors,* of Florence, for appellants,

*Mr. Henry E. Davis,* of Florence, for respondent,

September 24, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

This was an action in the Court below upon an administrator's bond in the usual form. The case was brought for the purpose of holding Standard Accident Insurance Company liable as surety upon the bond of M. L. McKenzie, as administrator of the estate of Mrs. A. V. Collins, deceased.

Mrs. Collins died intestate on December 28, 1933, and the administrator of her estate was appointed on October 17, 1934. On the same day he qualified and gave bond with the defendant as his surety in the sum of $2,000.00. In proceedings had on the filing of his final return in 1936, to which the defendant was not a party, McKenzie, as administrator, was charged by the Probate Court of Florence County with the sum of $3,237.03. Judgment for this amount was entered in the Probate Court, and thereafter by transcript in the Court of Common Pleas. Subsequently, as the result of supplementary proceedings, the sum of $916.60 was collected from the administrator and applied on the judgment, leaving an alleged balance due of $2,320.-43. The plaintiffs are two of the distributees of the estate, and bring this action for the benefit of themselves and all of the other distributees who may come in and participate in the expense.

The complaint alleges a breach of the bond by reason of the administrator's failure to properly account for and pay over the sum with which he was charged. Judgment against the surety is prayed for the full amount of the bond. The surety company defended upon the ground that all of the funds with which the administrator was charged and for which judgment was entered against him, except the sum of $379.61, were derived from rents and profits of certain real estate of the decedent, subsequent to her death, by M. L. McKenzie, under a written contract with all the other heirs and distributees at law. It is contended that such funds constituted no part of the estate, and were not covered by the obligation of the surety bond.

In the former appeal to this Court (*McKenzie et al v. Standard Accident Insurance Company*, 189 S. C., 475; 1 S. E. (2d), 502, 507), it was held: "That the surety on the bond of an administrator is not bound by the judgment of the Probate Court, when he was not a party to the proceeding therein in a case or proceeding where the Probate Court exceeded its jurisdiction, or where the Probate Decree

was procured by fraud or collusion, or where the obligation of the bond contract does not cover the alleged liability."

And it was further held that the defendant had the right to raise these issues by its answer, and to set up its affirmative defense in the present suit, and entitled to proceed with its defense in the Court below. The case was remanded, and upon trial resulted in a directed verdict in favor of the defendant. The plaintiffs have appealed, and claim that the Court should either have directed a verdict in favor of the plaintiffs or else have granted their motion for a new trial.

In order to prove the breach of the bond, the plaintiffs offered in evidence the judgment of the Probate Court, and then rested. Testimony introduced by the defendant was directed to the establishment of its position that the obligation of the bond did not cover the alleged liability; that the funds with which the administrator was charged did not constitute assets of the estate, were not owned or possessed by the decedent at the time of her death, and did not come into the hands of the administrator by virtue of his office.

Three days after the death of Mrs. Collins, to wit, on January 1, 1934, all of her heirs-at-law and distributees, including the plaintiffs and M. L. McKenzie, entered into a written agreement in which it was provided that M. L. McKenzie:

"Shall exercise full power and dominion over the entire estate of the deceased Mrs. A. V. Collins, with full power and authority to sell such of the personal property of every kind and nature as he shall deem necessary to settle unsecured obligations contracted by the deceased, except the household and kitchen furniture which shall be divided among these heirs, the proceeds of the sale of which, after paying such obligations, shall be deposited by the said party of the first part in Lake City Depository, Lake City, S. C., to his account as Trustee of such funds, to be held in trust by him for the use and benefit of these heirs or for such division thereof as they shall hereafter deem fair and just. It is further agreed that the party of the first part shall exercise

full control and authority over the real property, and shall look after the operation of the farm, the buying of fertilizers, etc., as agent for all these heirs including party of the first part. Party of the first part shall keep a true and accurate account of all his actings and doings under this authority, in writing, and shall render a full and complete report thereof to parties of the second part on November 15 of each year, if so required, during the life of this agreement which shall be for a period of at least one full year, after which time it can be terminated by any of the parties hereto upon notice to each other."

In further support of its defense, the surety offered evidence from witnesses conversant with the assets of the estate, including the surviving husband of the deceased, and one or more of her heirs-at-law who had signed the foregoing agreement. By this testimony it was shown, without dispute, that the personal estate of the decedent was meager, and consisted of three bales of cotton, cotton seed, a small stock of merchandise, some hay, and about 150 bushels of corn, all of which did not exceed a total value of $379.61. It was further shown without contradiction that the unsecured debts of the estate were negligible, consisting mainly of funeral and medical expenses and bond premium, and were all paid by the administrator out of the proceeds of the personal estate.

Other testimony offered by the defendant, all of it uncontradicted, showed that all other funds charged against the administrator came from the sale of farm produce resulting from the operation of the farms and from the management of certain real estate owned by the decedent in the town of Lake City, under the contract entered into by the heirs-at-law which is hereinabove set out.

The first question we consider then is: Were the rents and profits derived from the real property following the death of the decedent, and brought into being by M. L. McKenzie prior and subsequent to his appointment as admin-

istrator, and under the contract above mentioned, assets of the estate of Mrs. Collins?

In his inventory of date November 1, 1934, presented to the Probate Court, to which was appended the certificate of the appraisers, M. L. McKenzie listed as assets of the estate the net proceeds of the sale of all crops for the year 1934, amounting to $1,128.57. The contract with the heirs-at-law continued in operation for the year 1935, and in his return for that year further rents and profits are listed by M. L. McKenzie. It does not appear that any part of the funds derived from the farming operations was applied toward the payment of any of the debts of the deceased.

It is a rule generally recognized that the liability of a surety on an executor's or administrator's bond is co-extensive with that of the principal, within the terms of his contract of suretyship, with reference only to official acts and defaults in the absence of a statute or a stipulation in the bond to the contrary. Sureties on an administration bond, as in the case of other bonds, have a right to stand strictly upon the contract which they entered into, and Courts, any more than parties, cannot vary such contracts. 21 Am. Jur., § 733, page 791. *McKenzie v. Standard Accident Insurance Company, supra.*

The sureties on a bond of an administrator are liable only for a due accounting by their principal for the assets of the estate, and the principal cannot extend their liability by taking possession of property which is not properly assets of the estate. This principle has been expressly stated or established by the result of many decisions. *McKenzie v. Standard Accident Insurance Company, supra*; *Jennings v. Parr,* 62 S. C., 306; 40 S. E., 683. And see the many cases collected in the annotation in 104 A. L. R., 180.

It follows that the surety upon the bond of an administrator who has collected moneys, neither assets of the estate nor subject to distribution by him, and to which, as the legal representative of the decedent, he was

not entitled, is not liable for any appropriation or use of the same by the administrator for his personal benefit.

We agree with the Circuit Court that the evidence is susceptible of no other reasonable inference than that the funds in issue charged against the administrator and for which it is sought to hold the surety, were obtained by the administrator solely in connection with the operation of the real estate of the deceased, and that they came into his hands as trustee and agent under his contract with the other heirs. It is too manifest to be debatable that these funds were not assets of the estate, and were not owned or possessed by Mrs. Collins at the time of her death. The only reasonable inference from the evidence is that this money was derived from the farming operations of M. L. McKenzie, as agent and trustee, during the years following the death of the decedent.

The circumstances that the administrator mentioned the fund in his inventory, after he gave the surety bond, as being a part of the property of the estate, has no other or different signification than if, in a report by him as administrator, he had charged himself as administrator with the trust fund in question. Such a charge made by the administrator against himself has been held in numerous cases not to create a liability against the sureties upon his bond, if they were not otherwise liable under the law. Annotation, 104 A. L. R., 197.

In our opinion, the testimony shows conclusively that McKenzie, as administrator, did not receive this money by virtue of his office nor under color of official authority, nor in the discharge of his duties as personal representative.

The condition of the bond of an administrator is that he shall perform the duties required of him by law, which duties include the due administration of the estate by the payment of debts and the distribution of the remainder among those entitled to receive it. There is much confusion and diversity, both of argument and decision, upon the question of the competency and effect in evi-

dence of a judgment or decree against the principal when offered against the surety upon his administration bond. This diversity of opinion is somewhat reflected in our own earlier decisions. In the recent case of *McKenzie v. Standard Accident Insurance Company, supra,* we held that such a judgment is not conclusive, but only makes out a *prima facie* case which may be rebutted by the surety.

The judgment offered in evidence made a *prima facie* case for the plaintiffs and was sufficient to take the case to the jury unless rebutted. In other words, it was sufficient to escape the rendition of a nonsuit. However, at the close of all the evidence, the plaintiff's case was completely disproved and overthrown. It was uncontradicted that the funds charged against the administrator were not in existence at the time of the death of the decedent, and were not, therefore, assets of the estate.

The appellants complain that the lower Court erred in admitting evidence in contradiction of the record of the Probate Court. As we have heretofore pointed out, the judgment of the Probate Court was not conclusive against the surety.

The term *"prima facie* evidence," which frequently appears in cases, denotes evidence which, if unexplained or uncontradicted, is sufficient in a jury case to carry the case to the jury, and to sustain a verdict in favor of the issue which it supports, but which may be contradicted by other evidence, and is thus distinguished from conclusive evidence, which the law does not allow to be contradicted. 20 Am. Jur., § 4, page 35. The question raised by this exception must be overruled.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.