18971

The STATE, Respondent, v. David Leroy BAILEY, Appellant
(170 S. E. (2d) 376)

*Messrs. W. B. Hawkins* and *John D. McInnis, Jr.,* of Dillon, *for Appellant,*

Marion H. Kinnon, Esq., Solicitor, of Dillon, for Respondent,

October 30, 1969.

LITTLEJOHN, Justice.

The defendant David Leroy Bailey was indicted, tried by a jury, and convicted in the Court of General Sessions for Dillon County under Section 20-303 of the 1962 Code of Laws of South Carolina, as amended, for failure to support an illegitimate child. This section provides that "(a)ny able-bodied man or man capable of earning or making a livelihood who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife or to his minor unmarried legitimate or illegitimate child or children dependent upon him shall be guilty of a misdemeanor * * *." Objections by the defendant to the jurisdiction of the court were made at the call of the case for trial and at the conclusion of the State's evidence on the ground that the offense, if any, took place outside Dillon County. The objection was overruled each time.

The defendant and the prosecuting witness Mary Sartor, the mother of the child, were both originally from Gaffney, South Carolina, which is in Cherokee County. The child was born in Atlanta, Georgia, where the mother was work-

ing at the time. When the warrant was issued the child lived in Gaffney with the mother's parents. The defendant was living in Dillon County where he worked as a teacher and coach, and the mother was working and living in Charlotte, North Carolina.

When the case was called for trial in the Court of General Sessions for Dillon County the defendant objected to the jurisdiction of the court on the ground that the child resided in Cherokee County, and, accordingly, that was where the case should be tried. The defendant also submitted that even if he may be prosecuted in the county of his residence, the Dillon County court would not have jurisdiction for his residence was still in Cherokee County, not Dillon County in which he maintained a temporary residence only.

The first question at issue is thus whether the Court of General Sessions of Dillon County had jurisdiction to try this case.

Article I, Section 17 of the Constitution of the State of South Carolina states that "(n)o person shall be held to answer for any crime where the punishment exceeds a fine of one hundred dollars or imprisonment for thirty days, * * * unless on a presentment or indictment of a grand jury of the county where the crime shall have been committed * * *." Section 20-303 does in fact provide for punishment exceeding a fine of one hundred dollars or imprisonment for thirty days, so this article and section applies. The failure to support a wife or child is a negative offense, *State v. Nesmith,* 185 S. C. 341, 194 S. E. 160 (1937), so the question arises: In what county did the offense occur?

This court held in *State v. Peeples,* 112 S. C. 310, 99 S. E. 813 (1910), that an action, under the statute at issue here, against a husband for failure to support his wife and children was properly brought in the county in which he resided.

It has been held that the nonsupport of a legitimate child is a continuing offense, e. g., *State v. Collins,* 235 S. C. 65, 110 S. E. (2d) 270, cert. denied, 361 U. S. 895, 80 S. Ct. 199, 4 L. Ed. (2d) 152 (1959); *State v. Nesmith, supra,* and as such follows the father from one residence to another. Section 20-303 was amended in 1962 to include in addition to legitimate children, illegitimate ones. South Carolina Statutes at Large 2154 (1962). As this section had repeatedly been held to provide for a continuing offense, it must be assumed absent a compelling argument otherwise that the inclusion of illegitimate children within its purview means that the failure to support them shall also be a continuing offense. This court has found no compelling arguments to support a different reading of the statute.

The defendant herein argues that his residence was in Cherokee County and his stay in Dillon County was of a transitory nature, such that he may not be prosecuted there. This argument cannot be upheld. Black's Law Dictionary, Third Edition, at page 1543, has this definition of residence: " 'Residence' means a fixed and permanent abode or dwelling place for the time being, as contradistinguished from a mere temporary locality of existence." The facts and circumstances of each case coupled with the policy behind the statute must be considered in determining whether the nature and duration of an accused person's stay within a county is such that the duty to support follows him there and attaches so as to permit prosecution. We conclude that the defendant's stay for a school year required him to discharge the duty to support from Dillon County.

The second question presented is whether the trial court erred in refusing a directed verdict. It is contended that there is no evidence warranting the conclusion that the defendant fathered the child.

In considering this question it must first be stated that if there is any evidence which tends to establish the guilt of the defendant on the charges alleged a

refusal to direct a verdict of acquittal is not an error of law. *State v. Brazzell,* 248 S. C. 118, 149 S. E. (2d) 339 (1966). There is no such error unless there is a total failure of competent evidence as to the charges alleged. *State v. Roddy,* 126 S. C. 499, 120 S. E. 359 (1923).

The prosecuting witness testified that she had relations with the defendant in December of 1965 and in January and February of 1966, and also that the last time she had sexual relations previous to this was in 1960. The defendant himself admitted that he had sexual relations with the prosecuting witness in January of 1966, and that he did not use any precautions. The prosecuting witness further testified that she became pregnant from these relations and that a child was born to her on October 12, 1966.

An argument is made by the defendant under this question that the statement by the mother that her child was born on October 12, 1966 was not the best evidence and that the birth certificate should have been introduced. It has been held in this state, however, that a parent may testify as to the age of his or her child if this is done with actual knowledge. *State v. Wagstaff,* 202 S. C. 443, 25 S. E. (2d) 484 (1943). This seems to be in accord with the general rule as stated in 22A C. J. S. Criminal Law § 694(a) (1961), as follows:

"In the absence of a statutory provision to the contrary, a certificate of birth or other official record is not necessarily required to prove a person's age, the best evidence of such fact being the testimony of a person having actual knowledge thereof."

In view of the foregoing testimony and stated rule of law, we conclude that there was sufficient evidence to make a jury issue and the trial judge properly so held.

The third question for determination concerns the admissibility of certain testimony given by the prosecuting witness elicited on cross examination by counsel for the defendant, but objected to by him. This

question, however, may be dismissed summarily for counsel for the defense made a general objection only, and did not specify his grounds for objection.

"It is well settled that an objection, to be good, must point out the specific ground of the objection, and that if it does not do so, no error is committed in overruling it." 53 Am. Jur. Trial § 137 (1945); *accord, Young v. Corbitt Motor Truck Co.,* 148 S. C. 511, 146 S. E. 534 (1929); *Gwynn v. Citizen's Telephone Co.,* 69 S. C. 434, 48 S. E. 460, 67 L. R. A. 111 (1904); 24 C. J. S. Criminal Law § 1677 (1961).

It may be noted, however, that the testimony objected to by the defendant was a product of his own desire to try to bring out facts damaging to the State by putting the witness in a bad light. Thereafter the witness was entitled to bring out all the surrounding facts.

All of the questions having been answered in favor of the State the judgment and conviction is

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.