### 20695

The STATE, Respondent, v. Ressie Mae BLASSINGAME, Appellant.

(244 S. E. (2d) 528)

---

[1] Now codified as § 16-3-20 of the 1976 Code (Supp. 1977).

*Ronnie L. Smith,* of *Orander & Smith, Easley,* and *J. Redmond Coyle, Pickens, for appellant.*

*Atty. Gen. Daniel R. McLeod and Asst. Attys. Gen. Brian P. Gibbes* and *Robert N. Wells, Jr.,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

May 22, 1978.

RHODES, Justice:

The appellant was convicted of murder and sentenced to life imprisonment. On this appeal she alleges error in the conduct of the trial and further contends that the evidence of guilt was insufficient to warrant submission to the jury. We reverse and remand on the ground of an erroneous jury instruction.

We shall first consider the exception relative to the charge of the trial judge. Both murder and voluntary manslaughter

were submitted to the jury. There was no issue in the case as to involuntary manslaughter. Approximately two hours after the jury had commenced deliberations, word was sent from the jury room that they needed further information from the court. Specifically, the jury requested additional instructions on the definitions of murder and manslaughter. The jury was brought into the courtroom and the following instruction, which is the basis of appellant's exception, was given:

What it boils down to, Mr. Foreman, and Ladies and Gentlemen, if you believe that this defendant killed her son and that at the time she did it she had malice in her heart, she would be guilty of murder. If you believe that this defendant killed her son but did not have malice aforethought in her heart, *didn't intend to kill him,* she would be guilty of manslaughter. If you believe that the State hasn't proved her guilty of either charge, she is not guilty. That's as simple as I can put it. (Emphasis ours.)

In defining manslaughter the trial judge stated to the jury that they would have to find the defendant did not intend to kill the deceased in order for them to return a verdict of manslaughter as opposed to murder. Voluntary manslaughter, of course, is an offense which does involve intent on the part of the perpetrator but lacks the element of malice.

The jury returned with a verdict, thirty minutes after the above charge was given, finding the defendant guilty of murder.

The erroneous instruction given by the trial judge was an inadvertence, and the correct definition of manslaughter was given elsewhere in his charge. The State argues that when the charge is considered in its entirety, it was not misleading or prejudicial. We do not agree. It is reasonable to assume that the jury had, at this point, focused critical attention on the meaning of these two offenses and was in the

process of deciding upon its verdict based upon one or the other, but wanted to be readvised of the definitions of each. The additional words which the trial judge would relay to the jury would be given special consideration by the jury since they were in response to its own inquiry. Under these circumstances the charge of the trial judge constituted prejudicial error requiring a new trial.

The appellant contends that the evidence presented by the State was insufficient to warrant submission of the case to the jury and that a verdict of acquittal should have been directed by the judge. While the evidence in this case is almost wholly circumstantial and its sufficiency has given us concern, we have reached the conclusion that the trial judge did not err in refusing to direct a verdict of acquittal. In view of the fact that this case will be remanded for a new trial, we do not deem further comment upon the evidence appropriate.

The appellant's exception alleging error in allowing detailed testimony from medical doctors concerning the injuries sustained by the deceased is patently without merit.

When the State offered into evidence items seized from the home of the appellant, defense counsel objected and requested an evidentiary hearing out of the presence of the jury. The trial judge denied this request and summarily admitted the items into evidence. Later in the trial of the case, the trial judge conducted an evidentiary hearing out of the presence of the jury as to the admissibility of the items seized and confirmed his earlier ruling of admissibility. By this exception, the appellant complains of the denial of a timely hearing out of the presence of the jury on the search and seizure issue. The procedure followed by the trial judge here is not in accord with that generally used in this jurisdiction and does not have the sanction of this Court. Whenever evidence is introduced that was allegedly obtained by conduct violative of the defendant's constitutional rights,

the defendant is entitled to have the trial judge conduct an evidentiary hearing out of the presence of the jury at this threshold point to establish the circumstances under which it was seized. *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964). Although *Jackson* dealt with the admissibility of a confession, its rationale is equally applicable to the present case.

The appellant next asserts error in allowing into evidence items which were seized by police officers from her home without a search warrant. Since this case is being remanded for a new trial and the testimony at such trial relative to this issue may differ materially from that in the record before us, we do not pass on the question in this appeal.

The final contention of appellant is that it was error to admit into evidence statements made by her to police officers during interrogation. We find no merit in this exception.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.