21821

The STATE, Respondent, v. Clifton Lee BRIDGES, Appellant.
(298 S. E. (2d) 212)

*John I. Mauldin,* of *Yarborough, Mauldin & Allison,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. William B. Traxler, Jr.,* Greenville, *for respondent.*

Dec. 7, 1982.

*Per Curiam:*

Appellant was convicted of first degree criminal sexual conduct. The trial judge sentenced him to thirty years in prison.

Prior to the close of the State's case, appellant's counsel requested a ruling from the trial judge as to whether the State could use a 1977 guilty plea for impeachment purposes if appellant decided to testify. The trial judge refused to make an anticipatory ruling, stating he would rule on the issue if appellant took the stand and if objection was made. Appellant elected not to take the stand.

Appellant argues on appeal the trial judge's refusal to rule in advance had a chilling effect on his decision whether or not to testify in his own behalf.

The general rule in this State is that the conduct of a criminal trial is left largely to the sound discretion of the presiding judge and this Court will not interfere unless it clearly appears that the rights of the complaining party were abused or prejudiced in some way. *State v. Sinclair*, 275 S. C. 608, 274 S. E. (2d) 411 (1981).

We hold that the trial judge did not abuse his discretion in refusing to rule on the admissibility of the impeachment evidence until it was offered in the regular course of trial. See *State v. Morgan*, 192 Wash. 425, 73 P. (2d) 745 (1937); *People v. Rose*, 75 Ill. App. (3d) 45, 30 Ill. Dec. 662, 393 N. E. (2d) 698 (1979). Accordingly, we affirm the ruling of the trial judge.

Other issues raised by appellant are affirmed under Rule 23 of the Rules of Practice of this Court.