22960

The STATE, Respondent v. Bobby L. PEELE, Appellant.

(378 S. E. (2d) 254)

Supreme Court

*John D. Bradley, III,* of *Riesen, Gardner, Felder, Whetstone, Bradley, Guerard, Ling & Gibson* and *Reese I. Joye, Jr.,* of *Joye Law Firm,* North Charleston, *for appellant.*

*Asst. Chief Counsel Michael S. O'Neal,* of *Dept. of Highways and Public Transp.,* Columbia, *for respondent.*

Heard Oct. 31, 1988.

Decided Feb. 6, 1989.

HARWELL, Justice:

Appellant was convicted in magistrate's court of driving under the influence of intoxicating liquors. The Circuit Court affirmed his conviction. We affirm the rulings of the magistrate and circuit court judge.

## FACTS

On November 16, 1985, appellant was arrested and charged with driving under the influence of intoxicating liquors. Prior to arresting appellant and reading him his *Miranda*[1] rights, the arresting officer required appellant to perform a series of "field sobriety" tests. These tests consisted of several physical maneuvers including touching his nose with his forefinger, picking up a nickel from off the ground, and standing on one foot for ten seconds. Appellant was also asked to recite the alphabet and count from one to ten. Based on his observations of appellant during these tests, the officer arrested appellant and read him his *Miranda* rights. At the police station, appellant was administered a "Breathalyzer test," which read .210.

On May 26, 1986, appellant was tried and found guilty by a jury in magistrate's court. The magistrate denied appellant's motion to suppress the results of the field sobriety tests. On appeal to the circuit court, appellant argued that this denial was error. The circuit court affirmed. Appellant appeals from the circuit court's affirmance, arguing that admission of testimony regarding the field sobriety tests was error because he was not apprised of his *Miranda* rights prior to performing the tests. We disagree.

## DISCUSSION

We have previously held that *Miranda* warnings are not required for statements made at the scene of a traffic acci-

---

[1] *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966).

dent to be admissible. *State v. Morgan*, 282 S. C. 409, 319 S. E. (2d) 335 (1984). In *Morgan*, the defendant admitted to officers that he had been drinking and using marijuana while driving the auto involved in the wreck. We held that the appellant failed to show that he was in custody or otherwise significantly deprived of his freedom so as to require the giving of *Miranda* warnings. The question of the admissibility of field sobriety tests conducted pursuant to a routine traffic stop is, however, a novel issue in this jurisdiction. A number of other jurisdictions which have addressed this issue have held that the performance of field sobriety tests at the request of a police officer following a routine traffic stop does not trigger Fifth Amendment rights.[2]

In *Miranda*, the Supreme Court directed that a suspect was not to be subjected to "custodial interrogation" without first being advised of what are now commonly referred to as "Miranda rights." Custodial interrogation means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Miranda, supra.* We have held that *Miranda* warnings are applicable only where there has been such a restriction on a person's freedom as to render him in custody. *State v. Morgan, supra; State v. Doby*, 273 S. C. 704, 258 S. E. (2d) 896 (1979).

The question, then, is whether appellant was "in custody" at the time the sobriety tests were administered. This is the same question addressed by the United States Supreme Court in *Berkemer v. McCarty*, 468 U. S. 420, 104 S. Ct. 3138, 82 L. Ed. (2d) 317 (1984) and more recently in *Pennsylvania v. Bruder*, ＿＿＿ U. S. ＿＿＿, 109 S. Ct. 205, 102 L. Ed. (2d) 172 (1988). In *Berkemer*, the Supreme Court held that routine traffic stops do not constitute "custodial interrogation" for purposes of the *Miranda* rule. This holding was reiterated in

---

[2] *State v. Theriault*, 144 Az. 166, 696 P. (2d) 718 (1984); *People v. Ramirez*, 199 Colo. 367, 609 P. (2d) 616 (1980); *Oxholm v. District of Columbia*, 464 A. (2d) 113 (D. C. App. Ct. 1983); *State v. McCurdy*, 100 Ida. 683, 603 P. (2d) 1017 (1979); *City of Highland Park v. Block*, 48 Ill. App. (3d) 241, 6 Ill. Dec. 285, 362 N. E. (2d) 1107 (1977); *State v. Jones*, 3 Kan. App. (2d) 553, 598 P. (2d) 192 (1979); *Commonwealth v. Brennan*, 386 Mass. 772, 438 N. E. (2d) 60 (1982); *State v. Arsenault*, 115 N. H. 109, 336 A. (2d) 244 (1975); *Wahpeton v. Skoog*, 300 N. W. (2d) 243 (N. D. 1980); *Flynt v. State*, 507 P. (2d) 586 (Okl. Cr. 1973); *Commonwealth v. Benson*, 280 Pa. Super. 20, 421 A. (2d) 383 (1980); *State v. Lombard*, 146 Vt. 411, 505 A. (2d) 1182 (1985).

the *Bruder* opinion, where the Court restated what it referred to as "Berkemer's rule"—that "ordinary traffic stops do not involve custody for purposes of *Miranda.*" 109 S. Ct. at 207.

The facts in this case show that this traffic stop did not constitute detainment sufficient to rise to the level of "custodial interrogation." The restrictions did not curtail appellant's freedom of action to a degree associated with formal arrest. The results of the field sobriety tests were properly admitted.

Appellant's remaining exceptions are dismissed pursuant to Supreme Court Rule 23. Appellant's conviction is

Affirmed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.