23848

STATE of South Carolina, Respondent v. Ronald W. SILVER, Petitioner.

(431 S.E. (2d) 250)

Supreme Court

*Reese I. Joye, Jr., Michael S. O'Neal,* and *Cheryl D. Whipper,* all of *Joye Law Firm,* North Charleston, *for petitioner.*

*J. Brady Hair, Susan Sweat* and *Samuel M. Coleman,* North Charleston, *for respondent.*

Heard Feb. 1, 1993; Decided May 3, 1993.

Rehearing Den. June 29, 1993.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at — S.C. —, 414 S.E. (2d) 813 (Ct. App. 1992). We affirm as modified.

## I. FACTS

Petitioner Ronald W. Silver was convicted in municipal court for driving under the influence. At trial, the arresting officer testified he stopped Silver for erratic driving, including crossing the center line, improper stopping, and running off the road. Upon approaching Silver, the officer testified he smelled alcohol. The officer then began to testify as to statements made by Silver. Silver objected to the introduction of the statements and moved for an *in camera* hearing to determine if Silver was in custody and entitled to *Miranda*[1] warnings. The trial court ruled traffic stops do not require *Miranda* warnings and denied the motion. The officer then testified Silver stated, "Give me a break. Why can't you just call me a cab like it's been done before?"[2]

The circuit court reversed the conviction and remanded for a new trial. The State appealed. The Court of Appeals reversed the circuit court and reinstated the conviction. Silver petitioned this Court for certiorari.

## II. ISSUE

Did the trial court err in failing to hold a *Jackson v. Denno*[3] or *in camera* hearing?

## III. DISCUSSION

The issue in this case centers around the distinction between: 1) an *in camera* hearing to determine if an individual was in custody and entitled to *Miranda* warnings and; 2) a *Jackson v. Denno* hearing to determine whether a confession or statement was voluntary.

The circuit court held when a defendant moves for a *Jackson v. Denno* hearing on the question of the voluntariness of a statement, the trial court must hold an *in camera* hearing to determine whether: the defendant was in custody; the statements are incriminating; and the statements were voluntary. The Court of Appeals held the circuit court erred in reversing the trial court and holding a *Jackson v. Denno* hearing is required whenever it is requested.

---

[1] *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. (2d) 694 (1966).

[2] There are references in the record to Silver's statements which provide that Silver said, "Give me a break. Call me a cab." Silver in his brief does not state exactly what he said to the officer. He refers to it as "what he said."

[3] 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. (2d) 908 (1964).

Furthermore, the Court of Appeals held a defendant does not have a right to a *Jackson v. Denno* hearing when he was not in custody and does not raise another basis for such a hearing. Although custody is a factor to be considered in determining voluntariness, a defendant need not show he was in custody when he is challenging the voluntariness of a statement. It is only when the defendant is objecting to the alleged failure to apprise him of his *Miranda* warnings that he must show he was in custody and entitled to the warnings. *See State v. Adams,* 277 S.C. 115, 283 S.E. (2d) 582 (1981), *overruled on other grounds, State v. Torrence,* 305 S.C. 45, 406 S.E. (2d) 315 (1991). Therefore, a defendant need not show custody to be entitled to a *Jackson v. Denno* hearing.

At trial, Silver moved for an *in camera* hearing on the issue of custody and whether he had received *Miranda* warnings. Silver now contends at trial he moved for a *Jackson v. Denno* hearing on the voluntariness of the statement which he argues would necessarily include the determination whether he was in custody and entitled to *Miranda* warnings. Silver's objection, however, was based solely on whether he had received *Miranda* warnings which does not include the determination of the voluntariness of the statement. The Court of Appeals erred in treating Silver's objection and motion as a *Jackson v. Denno* situation because the ground now asserted is not supported by the objection raised at trial. *Gamble v. Stevenson,* 305 S.C. 104, 406 S.E. (2d) 350 (1991).

On the issue of custody, the trial court ruled traffic stops do not require *Miranda* warnings and held Silver was not in custody. We agree. Ordinary traffic stops do not involve custody for purposes of *Miranda. Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed. (2d) 317 (1984); *State v. Peele,* 298 S.C. 63, 378 S.E. (2d) 254 (1989). There is nothing in the record that would render Silver's situation anything other than an ordinary traffic stop. Based on the record before this Court, we find the trial court did not err in holding Silver was not in custody.

Furthermore, we decline to hold the trial court is required to hold an *in camera* hearing on the issue whether a defendant was in custody for the purposes of *Miranda.* When a defendant moves for an *in camera* hearing

on the issue of custody and the trial court denies the motion, the defendant should make a proffer to preserve any error on appeal. *See Greenville Memorial Auditorium v. Martin,* 301 S.C. 242, 391 S.E. (2d) 546 (1990). Silver failed to proffer any evidence showing he was prejudiced by the trial court's determination that he was in custody without first holding an *in camera* hearing.

Accordingly, the Court of Appeals' decision is

Affirmed as modified.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.