24442

The STATE, Respondent v. William Michael PATTON, Appellant.
(472 S.E. (2d) 245)

Supreme Court

---

*Senior Assistant Appellate Defender Wanda H. Haile,* of *S.C. Office of Appellate Defense,* Columbia *for Appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr., Assistant Attorney General Norman Mark Rapoport,* Columbia, and *Solicitor Walter M. Bailey, Jr.,* Summerville, *for Respondent.*

Heard Sept. 19, 1995.

Decided June 10, 1996.

BURNETT, Justice:

Appellant was convicted of two counts of murder and one count of second-degree arson. He was sentenced to two consecutive life sentences for the murder counts and twenty-years for the arson count. We affirm.

## FACTS

On July 26, 1992, Appellant shot and killed his estranged wife, Sharon Patton, and their eleven-year-old daughter, Kimberly, in Sharon's mobile home. He then set fire to a building behind the mobile home.

At the beginning of the trial, Appellant made a motion to suppress all evidence seized from the property on the ground that the search and seizure were conducted in violation of the Fourth Amendment.[1] Appellant stated no grounds for this motion, and the trial court denied it. Appellant later moved for a mistrial because the trial court had failed to hold a hearing on the search and seizure issue. The trial court denied this motion as well, stating that the evidence "come[s] in under so many exceptions that it really doesn't warrant a hearing."

## DISCUSSION

Appellant argues that the trial court erred by not holding a suppression hearing on the search and seizure issue.

In *State v. Blassingame*, 271 S.C. 44, 47-48, 244 S.E. (2d) 528, 530 (1978), this Court pronounced a bright line test for when a Fourth Amendment suppression hearing[2] must be held:

> Whenever evidence is introduced that was *allegedly* obtained by conduct violative of the defendant's constitutional rights, the defendant is entitled to have the trial judge conduct an evidentiary hearing out of the presence of the jury at this threshold point to establish the circumstances under which it was seized. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. (2d) 908 (1964). Although *Jackson* dealt with the admissibility of a confession, its rationale is equally applicable to the present case.

(Emphasis added.)

---

[1] Appellant stated: "Your honor, my objection is—and it's sort of a generic one in all candor with the court—is that everything that was seized or that was taken from the scene of the crime from the homes themselves was taken illegally and should be excluded."

[2] For purposes of this opinion, the term "suppression hearing" refers to an *in camera*, evidentiary hearing in which testimony is taken and evidence presented, conducted to determine whether Fourth Amendment violations have occurred.

Under *Blassingame,* a defendant need not articulate specific grounds as to why a suppression hearing is necessary; he need only make a broad, general motion such as was made by Appellant in this case. Unchecked, this unconditional entitlement to a hearing—triggered merely by a bare allegation of unconstitutionality—invites defendants to invoke *Blassingame* in order to engage in pretrial discovery. Of course, in many instances the sound exercise of discretion mandates a suppression hearing; yet we also recognize that circumstances might exist which would lessen, if not completely obviate, the need for a hearing. Such circumstances arise when the defendant can point to no one argument which, as a matter of law, would entitle him to the suppression of evidence and when the trial court, cognizant of this fact, would not be enlightened by a hearing on the matter. Although we fully support the policy implicit in *Blassingame* of providing a threshold constitutional protection for defendants, we see no reason to fetter the trial court by mandating a futile suppression hearing. Upon careful consideration, therefore, we conclude that *Blassingame* is needlessly overbroad and modify it as follows.

To be entitled to a suppression hearing under *Blassingame,* a defendant must, by way of oral or written motion to the trial court, articulate specific factual and legal grounds to support his contention that evidence was obtained by conduct violative of his constitutional rights.[3] The trial court shall, in the

---

[3] *See generally* James G. Carr, *Criminal Procedure Handbook* § 1.04[2] (1993). *See* 29 Am. Jur. (2d) § 650 at 696 (1994) ("A full suppression hearing is not mandatory in every case in which a motion is made for the suppression of evidence, and such a hearing need not be granted if the motion papers are not sufficient and factual matters are not raised."); *United States v. Odom,* 736 F. (2d) 104, 110 (4th Cir. 1984) ("In all situations other than an assault on the voluntariness of a confession, the granting of the motion is a matter committed to the discretion of the trial judge."); John Wesley Hall, Jr., 2 *Search and Seizure* § 45:42 at 734 (2d Ed. 1993) (trial court need not conduct a hearing on a facially insufficient motion to suppress) and § 45:43 at 735 (the defendant has the initial burden of going forward); Wayne R. LaFave, 4 *Search and Seizure: A Treatise on the Fourth Amendment* § 11.2(d) (2d Ed. 1987) (defendant must make a timely motion to suppress evidence on Fourth Amendment grounds, and the motion must meet the requirements of state law, before a suppression hearing is required). *Cf. State v. Bridges,* 278 S.C. 447, 298 S.E. (2d) 212 (1982) (trial judge did not abuse his discretion in refusing to rule on the admissibility of impeachment evidence until it was offered in the regular course of the trial); *State v. Silver,* 307 S.C. 326, 414 S.E. (2d) 813 (Ct. App. 1992), *aff'd as modified,* 314 S.C. 483, 431 S.E. (2d) 250 (1993) (criminal defendant does not have an absolute right to a pretrial, *in camera* hearing and ruling on an *in limine* motion to exclude breathalyzer results in a DUI trial).

exercise of its discretion, grant a suppression hearing if the defendant's grounds are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question. *See United States v. Pena*, 961 F. (2d) 333 (2d Cir. 1992). In making this determination, the trial court shall take into account the totality of the circumstances and may eliminate those issues not raising a question of constitutionality while confining the hearing to those which have arguable merit. Standing alone, however, the bare allegation that evidence was obtained in violation of the Fourth Amendment will no longer suffice to justify the duplicative consumption of the trial court's time required by a suppression hearing.

In any event, the trial court's denial of a suppression ■ hearing in this case was harmless and did not prejudice Appellant. The trial court did not blindly determine that Appellant's search and seizure issues were without merit. A *Jackson v. Denno* hearing was held regarding a confession made by appellant which adduced some of the circumstances surrounding the search and seizure of evidence. The trial court had examined the search warrant. Moreover, as each piece of evidence was introduced throughout the course of the trial, an unabridged version of the facts and circumstances surrounding the search and seizure was presented for the trial court's consideration. The trial court afforded Appellant ample opportunity to interpose objections on constitutional grounds, and Appellant frequently availed himself of it. A careful review of the record in this case assures us that the trial court possessed all the necessary information on which to base its ultimate holding that no constitutional violations occurred, and we agree with that holding.[4]

Affirmed.[5]

TOAL, MOORE and WALLER, JJ., concur.

---

[4] *See State v. Ferrell*, 274 S.C. 401, 266 S.E. (2d) 869, *cert. denied*, 446 U.S. 965, 100 S.Ct. 2942, 64 L.Ed. (2d) 824 (1980) (search incident to arrent); *State v. Brown*, 289 S.C. 581, 347 S.E. (2d) 882 (1986) (exigent circumstances & plain view); *State v. Cox*, 290 S.C. 489, 351 S.E. (2d) 570 (1986) (automobile exception).

[5] Appellant's remaining issues are without merit and are disposed of pursuant to Rule 220(b)(1), SCACR.

FINNEY, C.J., dissents in separate opinion.

FINNEY, Chief Justice (dissenting):

I respectfully dissent from the conclusion of the majority that *State v. Blassingame*, 271 S.C. 44, 244 S.E. (2d) 528 (1978), is needlessly overbroad and should be modified. Consistent with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. (2d) 908 (1964), this Court has held that a defendant is entitled to an evidentiary hearing when the state seeks to introduce evidence which was allegedly obtained by conduct in violation of a defendant's constitutional rights.

The majority contends that *Blassingame* affords defendants unconditional entitlement to a suppression hearing upon a bare allegation of unconstitutionality. Such a contention disregards the fact that trial courts are required to exercise sound discretion in considering motions for suppression hearings. The majority's aversion to fettering trial courts appears to be inconsistent with its unduly burdensome requirement that the grounds for such hearings be "sufficiently definite, specific, detailed, and nonconjectural." Trial courts must now assume the added duty of determining whether motions for suppression hearings are in compliance with the new rule. Furthermore, "duplicative consumption" of the trial court's time for a threshold suppression hearing would be minimal compared to the duplication of a series of hearings during a trial where, as in this case, issues concerning allegedly improperly obtained evidence arise repeatedly.

Additionally, the new rule declared here by the majority will now place a significant burden upon a defendant to convince the trial court that a suppression hearing is necessary, which is contrary to the law articulated in *Blassingame, supra*. In my view, neither the current state of our law nor the facts and circumstances of the case under consideration warrant the majority's conclusion that the necessary constitutional safeguards promulgated by this Court less than two decades ago in *Blassingame* are needlessly overbroad and should now be modified.

I continue to support the bright line test as adopted in *Blassingame, supra*.