**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Reggie Pinkney, Appellant.

Appellate Case No. 2011-188769

Appeal From Horry County
James B. Lockemy, Circuit Court Judge
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-490
Submitted October 1, 2013 – Filed December 23, 2013

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

**PER CURIAM:** Reggie Pinkney appeals his conviction of trafficking cocaine, arguing the trial judge improperly relied on a pre-trial ruling denying a motion to

suppress from a proceeding that resulted in a mistrial.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("A party cannot complain of an error which his own conduct has induced."); *id.* (holding the Appellant could not complain when he "consented to the procedure proposed by the trial [court]"); *State v. Whipple*, 324 S.C. 43, 51, 476 S.E.2d 683, 687 (1996) ("By proceeding . . . without further objection, [Appellant] waived any right to complain."); *State v. Patton*, 322 S.C. 408, 412, 472 S.E.2d 245, 247 (1996) ("[T]he trial court's denial of a suppression hearing in this case was harmless and did not prejudice Appellant."); *id.* at 412, 472 S.E.2d at 248 ("A careful review of the record in this case assures us that the trial court possessed all the necessary information on which to base its ultimate holding that no constitutional violations occurred, and we agree with that holding.").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.