**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kevin Lamar Gary, Appellant.

Appellate Case No. 2016-001603

Appeal From Richland County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2019-UP-405
Submitted November 1, 2019 – Filed December 31, 2019

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia, for Respondent.

**PER CURIAM:** Kevin Lamar Gary appeals his conviction for assault and battery of a high and aggravated nature, arguing the trial court abused its discretion by (1) denying his motion to require the State to open closing arguments in full on the law and facts, and reply only in rebuttal to matters raised in his closing; and (2)

denying his request for a jury charge on the lesser included offense of assault and battery in the second degree.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court did not abuse its discretion by denying Gary's motion to require the State to open closing arguments in full on the law and the facts and reply in rebuttal only matters raised in his closing.  *See State v. Hughes*, 419 S.C. 149, 160, 796 S.E.2d 174, 180 (Ct. App. 2017) ("The conduct of a criminal trial is left largely to the sound discretion of the [trial court] and this [c]ourt will not interfere unless it clearly appears that the rights of the complaining party were abused or prejudiced in some way." (quoting *State v. Bridges*, 278 S.C. 447, 448, 298 S.E.2d 212, 212 (1982))); *State v. Beaty*, 423 S.C. 26, 42, 813 S.E.2d 502, 510-11 (2018) ("Pursuant to the common law rule . . . in cases in which a defendant introduces evidence of any kind, even through a prosecution witness, the State has the final closing argument.  However, in cases in which the State is entitled to the reply argument, there is no common law or codified rule as to whether the State must open in full on the law, or the facts, or both, or neither, and there is no rule governing the content of the State's reply argument.").  Further, the trial court's ruling did not violate Gary's due process rights.  *See Beaty*, 423 S.C. at 43-44, 813 S.E.2d at 511 (2018) ("South Carolina case law focuses upon allegedly inflammatory or unsupported content of the State's closing argument, not upon whether the State must open in full on the facts and not upon reply arguments which have a basis in the record but to which a defendant is not allowed to respond."); *id*. ("The relevant inquiry is whether the State's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" (quoting *Humphries v. State*, 351 S.C. 362, 373, 570 S.E.2d 160, 166 (2002))).

2. The trial court did not abuse its discretion by denying Gary's request for a jury charge on the lesser included offense of assault and battery in the second degree because the evidence of the victim's injuries presented at trial, including a ruptured eyeball that was subsequently removed, a subdural hematoma, a subarachnoid hemorrhage, lacerations to his tongue resulting in partial loss of taste to areas of his tongue, a broken shoulder, and fractured nasal and sinus bones, does not support Gary's assertion that the victim only suffered moderate bodily harm.  *See State v. Santiago*, 370 S.C. 153, 159, 634 S.E.2d 23, 26 (Ct. App. 2006) ("An appellate court will not reverse the trial judge's decision regarding jury charges absent an abuse of discretion."); *State v. Simmons*, 384 S.C. 145, 178, 682 S.E.2d 19, 36 (Ct. App. 2009) ("In reviewing jury charges for error, this [c]ourt must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at

trial."); *State v. Golston*, 399 S.C. 393, 398, 732 S.E.2d 175, 178 (Ct. App. 2012) ("[T]o warrant a jury charge on the lesser offense, the evidence viewed as a whole must be such that the jury could conclude the defendant is guilty of the lesser offense *instead of* the indicted offense."); *State v. Geiger*, 370 S.C. 600, 608, 635 S.E.2d 669, 674 (Ct. App. 2006) ("The mere contention that the jury might accept the State's evidence in part and reject it in part is insufficient to satisfy the requirement that some evidence tend to show the defendant was guilty only of the lesser offense.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.